UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMPERIAL FIRE AND CASUALTY
INSURANCE COMPANY,

        Plaintiff,

vs.                                               Case No: 2:20-cv-10843-RHC-EAS
                                                Hon. Robert H. Cleland

MATTHEW FOUTS,

        Defendant.
_____/

| | |
|---|---|
| Michael F. Schmidt (P25213) | MATTHEW FOUTS |
| Nathan Peplinski (P66596) | IN PRO PER |
| HARVEY KRUSE, P.C. | 6584 Rouget Rd. |
| Attorneys for Plaintiff | Palmyra, MI 49268-9700 |
| 1050 Wilshire Drive, Ste. 320 | |
| Troy, MI 48084 | |
| (248)649-7800; Fax: (248)649-2316 | |
| mschmidt@harveykruse.com | |
| npeplinski@harveykruse.com | |

_____/

## **CONSENT JUDGMENT**

At a session of said Court held in the Courthouse,
City of Port Huron, State of Michigan on July 13, 2020

Present: <u>Hon. Robert H. Cleland</u>
              US DISTRICT COURT JUDGE

    The plaintiff Imperial Fire and Casualty Insurance Company having filed a declaratory complaint against the defendant Matthew Fouts to determine coverage issues regarding a policy of insurance issued by Imperial Fire and Casualty

-1-

Insurance Company to George Alberto Vega Casas in regard to an auto/motorcycle accident of May 31, 2017 in which defendant Matthew Fouts has claimed injuries and no-fault benefits, and the parties having agreed to resolve their differences as follows:

1.  The defendant Matthew Fouts has received no-fault benefits as a result of the automobile/motorcycle accident of May 31, 2017 from State Farm Insurance Company, and State Farm Insurance Company has not made any claim against Imperial Fire and Casualty Insurance Company for reimbursement for any benefits paid by State Farm Insurance Company regarding injuries sustained by Matthew Fouts.

2.  Matthew Fouts agrees that the policy of insurance issued by Imperial Fire and Casualty Insurance Company to George Alberto Vega Casas, policy no. 2003924997 with a policy period from June 7, 2016 to June 7, 2017 (hereinafter referred to as "the Policy") has no liability to pay any no-fault benefits to Matthew Fouts in regard to the automobile/motorcycle accident of May 31, 2017 for the following reasons:

    a. The Policy was rescinded from its inception pursuant to a General Release entered between Imperial Fire and Casualty Insurance Company and George Alberto Vega Casas, Jose Ivan Vega and Rosemary Vega in matter of *Imperial Fire and Casualty Insurance*

HARVEY KRUSE  A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

*Company v George Alberto Vega Casas, Jose Ivan Vega and Rosemary Vega*, 11th Circuit Court for Miami-Dade County, Florida Case No. 2017-023497-CA-01.

b. The Policy does not provide for PIP coverage to Matthew Fouts for at least the following reasons:

   i. Fouts was not a "named insured" as defined in the Policy;

   ii. Fouts was not a "relative" of a "named insured" as defined in the Policy;

   iii. Fouts was not "occupying" an "insured auto" at the time of the "accident;"

   iv. Fouts was not occupying a "motor vehicle" "owned" by a "relative" for which security is maintained as required by the "No-Fault Law;"

   v. Fouts was not an "insured person" as defined in the Policy;

   vi. Coverage was excluded by the policy exclusion:

   > **3. Exclusions**
   > 1. **We** do not provide **PIP for bodily injury** sustained by:
   >    \* \* \*
   >    f. Any **pedestrian,** other than the **named insured** or a **relative,** who is not a legal resident of the State of Florida.

    vii. Fouts failed to comply with the policy conditions, including the Legal Action Against Us condition;

    viii. No payment of benefits was required under Florida No Fault law;

    ix. The claimed accident did not occur during the policy period as defined by the Policy.

c. Imperial Fire and Casualty Insurance Company is not and was not at any relevant time an admitted insurer in the State of Michigan pursuant to the former version of MCL 500.3163.

d. Imperial Fire and Casualty Insurance Company is not and was not at any relevant time certified with the State of Michigan pursuant to the former version of MCL 500.3163.

e. Imperial Fire and Casualty Insurance Company has not voluntarily filed a certification to provide Michigan no-fault benefits pursuant to the former version of MCL 500.3163.

f. Imperial Fire and Casualty Insurance Company is not and was not at any relevant time subject to the personal and property protection insurance system of the Michigan No-Fault Act.

g. As an out-of-state insurer who has not filed a certification of compliance with the former version of MCL 500.3163, Imperial Fire

-4-

and Casualty Insurance Company is not in any order of priority to provide Michigan no-fault benefits to Matthew Fouts and owes no such coverage to Matthew Fouts.

IT IS HEREBY ORDERED AND ADJUDGED that consent judgment be entered against Matthew Fouts in the above matter for all of the reasons set forth above without costs or attorneys fees.

This is the final order and closes this case.

s/Robert H. Cleland<br>
US DISTRICT COURT JUDGE

Approved as to form:

/s/Michael F. Schmidt
Michael F. Schmidt P25213
Nathan Peplinski P66596
HARVEY KRUSE, P.C.
Attorneys for Plaintiff
1050 Wilshire Drive, Ste. 320
Troy, MI 48084
(248)649-7800; Fax: (248)649-2316
mschmidt@harveykruse.com
npeplinski@harveykruse.com


/s/Matthew Fouts (w/consent)
MATTHEW FOUTS
IN PRO PER
6584 Rouget Rd.
Palmyra, MI 49268-9700